IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10630

Summary Calendar
_____

KENNETH E. FRANCIS,

Plaintiff-Appellant,

versus

DEPARTMENT OF COMMERCE; BOBBY JEFFERSON, U.S.
Department of Commerce Minority Business
Development Agency; NANCY THORNTON, U.S.
Department of Commerce Minority Business
Development Agency; MELDA CABRERA, U.S.
Department of Commerce Minority Business
Development Agency; RONALD H. BROWN, U.S.
Department of Commerce, Secretary of Commerce;
BHARAT BRARGAVA, Associate Director, Minority
Business Development Agency,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:94-CV-908-BC)

_____

December 22, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Kenneth Francis appeals the district court's grant of summary judgment for defendants on his Title VII claims alleging employment discrimination and retaliation. We affirm.

Francis is employed as a Business Development Specialist with the Dallas Regional Office of the Minority Business Development Agency of the U.S. Department of Commerce. In 1991 and 1992, the Director for the Agency's Dallas office, Melda Cabrera, selected employees other than Francis for two national training symposia. In September 1992, Francis' supervisor, Bobby Jefferson, rated Francis' performance as "fully successful" with no performance award, in accordance with the Department's Performance Appraisal System for the General Workforce.

Francis filed two separate EEO complaints alleging Title VII violations based on these decisions. He asserted that his denial of training symposia participation and his 1992 performance rating were the result of employment discrimination and retaliation for his previous EEO complaints. The EEOC ruled against Francis both times. Francis then filed this pro se suit in federal district court against the Department, the Secretary of Commerce, and various Agency personnel, alleging the same Title VII claims of discrimination and retaliation. The parties agreed to try the case before a magistrate judge. The magistrate judge granted summary judgment for defendants.

We agree with the lower court's analysis granting summary judgment for defendants. Francis is an African-American male; he claims that the Agency discriminated against him on account of his

2

race, color, and sex by giving preferential treatment to Hispanic-American employees, particularly the female ones. Even assuming, however, that Francis has established a prima facie case of either discrimination or retaliation, the Agency has proffered legitimate, nondiscriminatory reasons for its actions. The summary judgment evidence supports the Agency's claim that Francis was denied the opportunity to participate in the symposia because of incomplete work assignments. Likewise, the evidence indicates that Francis' 1992 performance rating was due to dissatisfaction with certain aspects of his work. The burden thus shifts to Francis to show that these proffered reasons are a pretext for discrimination, see St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2750 (1993), or retaliation, see Anderson v. Douglas & Lomason Co., Inc., 26 F.3d 1277, 1300 (5th Cir. 1994), cert. denied, 115 S. Ct. 1099 (1995).

Francis has not met this burden. His conclusory allegations that his Agency employers have not recognized his true worth and accomplishments are insufficient to show pretext, and he has not presented other evidence demonstrating that the work-based reasons articulated by the Agency are pretextual.

AFFIRMED.